

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00205-CR

ROCKY LEE ELLINGER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14503

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Rocky Lee Ellinger originally pled guilty to and was convicted of the offense of credit card abuse. In accordance with the terms of the plea agreement, Ellinger was sentenced to two years' confinement in state jail and was ordered to pay a $300.00 fine, $600.00 in restitution, $249.00 in court costs, and $300.00 in attorney fees for his court-appointed counsel. Ellinger's sentence was suspended, however, and he was placed on three years' community supervision.

Subsequently, the State moved to revoke his community supervision, and Ellinger pled "true" to all eight of the State's allegations that he had violated various terms and conditions of his community supervision. Consequently, the trial court entered a finding that Ellinger violated the terms and conditions of his community supervision, revoked his community supervision, and sentenced him to two years' confinement in state jail. Ellinger appeals from the judgment revoking his community supervision, and we modify and affirm it as modified.

Ellinger's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced that would result, if successful, in a reversal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10

(Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 16, 2015, counsel mailed to Ellinger a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Ellinger of his right to review the record and file a pro se response. Counsel informed Ellinger that any pro se response was due February 17, 2015. Ellinger requested an extension of time to file the pro se response, which we granted. By letter dated February 24, 2015, we informed Ellinger that his brief would be due on or before March 13, 2015. To date, we have not received Ellinger's pro se brief.[1]

In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* context). The trial court's judgment revoking Ellinger's community supervision also ordered him to pay $750.00 in attorney fees for court-appointed counsel. The record establishes that Ellinger is indigent. Under Article 26.05(g) of the Texas Code of Criminal

---

[1]We received a document titled "Pre [sic] Se Brief of Appellant In Support of Motion for Time Extension and Supplementation of Appellate Record." By this motion, Ellinger sought to obtain a copy of the proceedings involving his guilty plea to the offense of credit card abuse. Ellinger also questioned (1) whether there were any potential issues or defects in his original guilty plea, (2) whether his original guilty plea was knowing and voluntary, and (3) whether the trial court had jurisdiction to revoke his community supervision in the absence of a valid plea of guilty on the offense of credit card abuse. Ellinger's complaints relate to the judgment placing him on community supervision. However, as a result of his negotiated plea agreement with the State, Ellinger waived his right to appeal these issues. This appeal in no way relates to Ellinger's original guilty plea to the offense of credit card abuse or to the judgment placing him on community supervision that was entered as a result of that guilty plea. Rather, this appeal is limited to a review of the order revoking Ellinger's community supervision. In a nutshell, Ellinger pled true to all of the State's eight allegations that he violated the conditions of his community supervision, and Ellinger has raised no complaint that in any way challenges that plea or the viability of his revocation. A plea of "true" to even one allegation is sufficient to support a judgment revoking community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees by an indigent defendant only if "the court determines that [the] defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination by the trial court that Ellinger had financial resources or was otherwise able to pay the appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Accordingly, we modify the trial court's judgment by deleting from the judgment the assessment of attorney fees incurred during the revocation proceeding, leaving only the $300.00 in attorney fees that were assessed as part of Ellinger's original plea agreement with the State.

Except for the foregoing, we have determined that this appeal is wholly frivolous and that no reversible error exists. We have independently reviewed the clerk's and reporter's records, and we agree that no other arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment, as modified.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 16, 2015
Date Decided:     April 21, 2015

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.